

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-14-00190-CR

**EDWARD S. HODGES, III,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

**From the 361st District Court
Brazos County, Texas
Trial Court No. 13,002**

_____

## MEMORANDUM OPINION

_____

Edward S. Hodges, III was convicted on January 7, 1981 in the 272nd District Court of Brazos County of "aggravated rape" and sentenced to 60 years in prison. He did not appeal his conviction; however, he now appeals the trial court's denial of his motion for DNA testing. We affirm.

In his first issue, Hodges complains that court which denied his motion for DNA testing, the 361st District Court of Brazos County, did not have jurisdiction to rule on Hodges's motion because Hodges was tried and convicted in the 272nd District Court. Hodges filed his motion for DNA testing in the 272nd District Court. It was transferred

to the 361st District Court, pursuant to a motion by the State and an order from the 272nd District Court, because the current judge of the 272nd District Court, Travis Bryan, was the District Attorney at the time Hodges was tried. Further, at the time the motion for DNA testing was filed, another district court judge in Brazos County, J.D. Langley, was an assistant District Attorney for Brazos County at the time Hodges was tried. Thus, the transfer of the motion for DNA testing to the 361st District Court was proper and required under the circumstances. *See* TEX. CONST. art. V, § 11 ("[D]istrict Judges may exchange districts, or hold courts for each other when they deem it expedient, and shall do so when required by law"); TEX. GOV'T CODE ANN. § 24.003(b)(1) (West 2004). To the extent Hodges complains that the judge of the 361st District Court, Steve Smith, could not be fair and impartial, we note that no motion to recuse or disqualify Judge Smith was filed; therefore, such complaint is waived. *See* TEX. R. APP. P. 33.1.

Hodges's first issue is overruled.

In his second and third issues, Hodges contends the trial court abused its discretion when it denied Hodges's motion for DNA testing and refused to hold an evidentiary hearing before doing so. The State's response to the motion demonstrated that no biological evidence existed. You cannot test what you do not have. *Moore v. State*, No. 10-12-00193-CR, 2013 Tex. App. LEXIS 226 (Tex. App.—Waco Jan. 10, 2013, pet. dism'd) (not designated for publication).

To the extent Hodges makes other complaints about not receiving the results of

testing done in 1980, his relief, if any would be by an 11.07 post-conviction writ of habeas corpus and is not an issue or a proceeding over which we have jurisdiction in this appeal of the denial of a motion for DNA testing. *See* TEX. CODE CRIM PROC. ANN. arts. 11.05 and 11.07 (West 2005).

Hodges's second and third issues are overruled.

Lastly, Hodges complains that the trial court abused its discretion in failing to appoint an attorney for him to pursue this motion for DNA testing. Because Hodges did not establish the necessary allegations to obtain an attorney, the trial court did not err in failing to appoint an attorney in this Chapter 64 appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(c) (West 2006). Hodges's fourth issue is overruled.

Having overruled each issue presented on appeal, we affirm the trial court's order denying Hodges's motion for DNA testing.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed February 12, 2015
Do not publish
[CRPM]

